1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VALENTIN VALLEJO,

11          Plaintiff,                    No. 2:09-cv-03088 KJN

12        v.

13   MICHAEL J. ASTRUE,
     Commissioner of the Social Security
14   Administration,

15          Defendant.                    ORDER

16   _____/

17          On July 15, 2011, the undersigned granted summary judgment in favor of plaintiff

18   Valentine Vallejo (the "plaintiff") and remanded the matter to the Social Security

19   Administration.  (Dkt. No. 20.)  Currently pending before the undersigned is plaintiff's Motion

20   For An Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act.  (Dkt. No. 22.)

21   Plaintiff seeks attorneys' fees at "full market rates."  (Id. at 8-9.)  Plaintiff argues that "market

22   rate" fees are appropriate because his attorneys possessed "expertise in the area of Social Security

23   overpayment waiver cases" and that this "distinctive knowledge" was necessary to the litigation

24   of his case.  (Id. at 6-8.)

25          Defendant Commissioner of the Social Security Administration (the "defendant")

26   filed an opposition to plaintiff's pending motion.  (Dkt. No. 26.)  Defendant does not oppose

1

1  plaintiff's entitlement to attorney's fees under the Equal Access to Justice Act ("EAJA").  (Dkt.

2  No. 26.)  However, defendant opposes plaintiff's request to receive attorneys' fees at the "market

3  rate" and in excess of the statutory maximum stated within the EAJA.  (Id. at 2-3.)  Defendant

4  contends that plaintiff is entitled to no more than $7,981.16.  (Id. at 7-8.)  Defendant also

5  challenges certain fees which defendant describes as "excessive, duplicative, and otherwise not

6  compensable."  (Id. at 9-12.)  When the so-called "excessive" fees are omitted, defendant argues

7  that plaintiff is entitled to no more than $4,973.02.  (Id. at 12.)  Plaintiff filed a Reply in support

8  of his motion and in response to defendant's opposition brief.  (Dkt. No. 27.)

9         Because oral argument would not materially aid the resolution of the pending

10  motion, the matter is submitted on the briefs and record without a hearing.  Fed. R. Civ. P. 78(b);

11  E.D. Local Rule 230(g).  The undersigned has fully considered the parties' papers and the record

12  in this case and, for the reasons that follow, the undersigned grants plaintiff's motion in part and

13  denies it in part.[1]

14  I.     BACKGROUND

15         Plaintiff's case arose from his receipt of social security benefits overpayments.[2]

16  An administrative law judge ("ALJ") found plaintiff was not without fault in causing the

17  overpayments and denied plaintiff's request to waive the overpayments.  Plaintiff initiated this

18  action, and the undersigned ultimately granted plaintiff's motion for summary judgment and

19  entered judgment in plaintiff's favor.  (Dkt. No. 20.)

20         The issue in plaintiff's case was whether, after having timely reported his

21  employment to the Social Security Administration ("SSA"), and after the SSA stopped paying

22

23         [1]  This case was referred to the undersigned pursuant to Eastern District of California
   Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed
24  before a United States Magistrate Judge.  (Dkt. Nos. 7, 11.)  This case was reassigned to the
   undersigned by an order entered February 9, 2010.  (Dkt. No. 9.)

25
         [2]  This recitation of the factual background is not intended to be exhaustive, and the
26  parties are familiar with the facts giving rise to this dispute.

1    plaintiff's Supplemental Security Income benefits but continued paying his Title II benefits,

2    plaintiff knew or should have known that his continued receipt of Title II benefits was improper.

3    20 C.F.R. § 404.507.  If plaintiff knew or should have known his continued receipt of Title II

4    benefits was improper, his failure make a follow-up report to the SSA regarding these payments

5    would amount to "fault" in connection with these overpayments, and plaintiff would be obligated

6    to repay the overpaid amounts.  (Dkt. No. 20 at 7.)  If not at fault, plaintiff would be entitled to a

7    "waiver" of his obligation to repay the overages.  (Id.)

8            In a nutshell, because the "fault" determination in this particular case turned on

9    what plaintiff knew or should have known during the period he was overpaid, Anderson v.

10   Sullivan, 914 F.2d 1121, 1122 (9th Cir. 1990); 20 C.F.R. § 404.507, this case turned on the

11   ALJ's credibility findings and the bases therefor.  (Dkt. No. 20 at 7.)

12   II.    LEGAL STANDARD

13           The EAJA provides for attorney's fees to "prevailing parties" in social security

14   actions under certain circumstances.  28 U.S.C. § 2412(d).[3]  The EAJA authorizes federal courts

15   to award attorneys' fees when a party prevails against the United States, although fee-shifting is

16   not mandatory.  Hardisty v. Astrue, 592 F.3d 1072, 1076 (9th Cir. 2010.)

17           Under the EAJA, the court "shall" award fees to the prevailing party unless "the

18   court finds that the position of the United States was substantially justified or that special

19   circumstances make an award unjust."  28 U.S.C. § 2412(d).  The government has the burden to

20   demonstrate that "its position was substantially justified or that special circumstances exist to

21   make an award unjust."  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

22

23           [3]  "Except as otherwise specifically provided by statute, a court shall award to a prevailing
     party other than the United States fees and other expenses, in addition to any costs awarded
24   pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in
     tort), including proceedings for judicial review of agency action, brought by or against the United
25   States in any court having jurisdiction of that action, unless the court finds that the position of the
     United States was substantially justified or that special circumstances make an award unjust."  28
26   U.S.C. § 2412(d)(1)(A).

The text of the EAJA limits the hourly rate to be used in calculating attorney fee awards. 28 U.S.C. § 2412(d)(2)(A).[4]  With cost-of-living increases, that hourly rate is $172.24 per hour for work completed in 2009, $175.06 per hour for work completed in 2010, and $179.51 per hour for work completed in 2011.  Id. § 2412(d)(2)(A)(ii); Thangaraja v. Gonzalez, 428 F.3d 870, 876-77 (9th Cir. 2005) (explaining that cost-of-living increases are calculated by multiplying the $125 statutory maximum hourly rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which the attorney's work was performed and dividing by the CPI-U figure for March 1996 (155.7), the effective date of the statutory maximum hourly rate).

Notwithstanding the limit on hourly fee rates that can be awarded under EAJA, EAJA also provides that "special factor[s]" may "justif[y] a higher fee."  28 U.S.C. § 2412(d)(2)(A).  An award in excess of the statutory rate is only appropriate where "lawyers skilled and experienced enough to try the case are [not only] in short supply," but there is also limited availability of "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question."  Pierce v. Underwood, 487 U.S. 552, 573 (1988).  The Ninth Circuit Court of Appeals has since clarified that, "[i]t is not enough, however, that the attorney possess distinctive knowledge and skills.  Those qualifications warrant additional fees only if they are in some way needed in the litigation and cannot be obtained elsewhere at the statutory rate."  Pirus v. Bowen, 869 F.2d 536, 542 (9th Cir. 1989).  The Court of Appeals has thus distilled a two-prong test from Pierce: (1) the attorney must possess "distinctive knowledge and

---

[4]  "(2) For the purposes of this subsection [...] (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)"  28 U.S.C. § 2412(d)(2)(A).

skills" and (2) the qualifications must be "in some way needed in the litigation and cannot be obtained elsewhere at the statutory rate." Id.  The Ninth Circuit Court of Appeals has awarded "market rate" fees to attorneys specializing in complex Social Security litigation.  Id. (awarding attorney fees in excess of EAJA's hourly limit in class action involving a "highly complex" area of the Social Security Act, specifically, the legislative history of the "widow's insurance" provisions of the Act); Garnes v. Barnhardt, No. C 02-4428 VRW, 2006 WL 249522, at *5-6 (N.D. Cal. Jan. 31, 2006) (unpublished) (awarding fees in excess of the EAJA statutory cap to counsel challenging the manner of the agency's application of the "fleeing felon" provision in a regulation, because "a typical social security disability practitioner would be unlikely to bring a case that involved challenging [the agency's] implementation of its own regulations as too complicated.")

An EAJA fee award must also be reasonable.  Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).   A party seeking fees under EAJA bears the burden of proving that the fees and hourly rate requested are reasonable.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Aguilera v. Astrue, No. 08cv67 WQH (JMA), 2009 WL 1156510, at *2-3 (S.D. Cal. April 28, 2009) (unpublished) (citing Hensley).  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  Hensley, 461 U.S. at 433-34; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government.  Hensley, 461 U.S. at 434.  A prevailing plaintiff is entitled to reasonable fees for the time expended in litigating the EAJA fees request.  Commissioner, INS v. Jean, 496 U.S. 154, 165-66 (1990) (awarding EAJA fees for fee litigation); Kilbourne v. Comm'r of Soc. Sec., 2011WL 2495688, No. 09-6367-HA, at *5 (D. Or. June 23, 2011) (unpublished) (citing Jean and holding that plaintiff could supplement the fee request and seek EAJA fees for "reasonable time expended litigating this fee entitlement.")

1 III.     ANALYSIS

2         A.     Plaintiff Has Not Shown That His Attorneys' Particular Expertise Was
           "Needed" In This Litigation, So EAJA's Hourly Fee Cap Applies

3

4         Assuming without finding that plaintiff's attorneys possess "distinctive

5 knowledge and skill" as they declare (Dkt. No. 23 at 6-7; Declaration of Julie Aguilar Rogado

6 ("Aguilar Rogado Decl."), Dkt. No. 24 at 1-2; Declaration of Gary F. Smith ("Smith Decl."),

7 Dkt. No. 25 at 1-3), and that such qualifications cannot be obtained elsewhere at the statutory

8 rate, also as they declare (Aguilar Rogado Decl. at 4-5; Smith Decl. at 3-4), plaintiff has not

9 shown that his attorneys' particular expertise was actually "needed" in this particular litigation.

10 See Pirus, 869 F.2d at 542.  Plaintiff has not satisfied every element of the test for whether

11 "special factors" warrant a fee award in excess of EAJA's hourly cap.  Id. at 541-42.

12         The court in Pirus affirmed an enhanced fee award because it was "no routine

13 disability case," and the plaintiff's attorney possessed the "special expertise" needed to litigate

14 the case as a class action involving "a highly complex area of the Social Security Act."  Pirus,

15 869 F.2d at 542.  Plaintiff's case is not analogous.  Plaintiff's case did not involve a class action,

16 the legislative history of "widow's benefits," or other obscure issues akin to the "application of

17 the 'fleeing felon' provision" or arguments that the agency improperly implemented its own

18 regulations.  See id.; Garnes v. Barnhardt, 2006 WL 249522 at *5-6.  As defendant persuasively

19 argues, this case boiled down to whether the ALJ adequately supported his adverse credibility

20 determinations.  (Dkt. No. 26 at 6.)  Credibility is often an issue in Social Security cases, whether

21 the case is a disability/denial-of-benefits case or an overpayment/waiver case, and plaintiff has

22 not shown this issue to be one for which a particular "expertise" is necessary.  Courts decline to

23 award fees in excess of EAJA's hourly cap where the adjudicated arguments were "typical" or

24 "routine."  See e.g., Barry v. Astrue, No. CV-09-01677-PHX-NVW, 2011 U.S. Dist. LEXIS

25 30303 at *3-4 (D. Ariz. Mar. 20, 2011) (unpublished) (finding that no special factors existed for

26 enhanced fees in a case that was "routine, involving typical arguments about the ALJ's credibility

6

determinations, residual functional capacity assessment, and so forth"); Harden v. Comm'r of Soc. Sec., 497 F. Supp. 2d 1214, 1216 (D. Ore. 2007) (in finding that total amount of hours spent on litigation was not "reasonable," the court held that the case was "fairly characterized as routine" where it involved "assessments of plaintiff's credibility," among other things).  While plaintiff's counsel successfully litigated this case and undoubtedly serves a valuable public service in representing plaintiffs in "waiver" cases, in this particular case plaintiff has not compellingly shown that "special factors" justify a fee award in excess of EAJA's hourly maximum.  While plaintiff's "waiver" case was not a typical "denial of benefits" case, plaintiff nonetheless argued this case on straightforward "credibility" issues.  Plaintiff has not demonstrated that his attorneys' particular expertise or knowledge was actually "needed in the litigation."  See Pirus, 869 F.2d at 542.

Accordingly, in this particular case, plaintiff has not compellingly shown that "special factors" justify a fee award at "full market rates" (Dkt. No. 6-8) and in excess of EAJA's hourly maximum (adjusted for cost-of-living).  With cost-of-living increases, plaintiff is entitled to fees at an hourly rate is $172.24 per hour for work completed in 2009, $175.06 per hour for work completed in 2010, and $179.51 per hour for work completed in 2011.[5]  28 U.S.C. § 2412(d)(2)(A)(ii); Thangaraja, 428 F.3d at 876-77.

B.      Plaintiff Has Demonstrated That The Hours Incurred By His Counsel Were Reasonable

Plaintiff and defendant agree that, not counting time plaintiff spent in drafting his Reply, applying the cost-of-living increase to plaintiff's hourly fees from 2009, 2010, and 2011, plaintiff's compensable attorneys' fees would total $7,981.18, give or take a few cents. (Compare Dkt. No. 23 at 8 with Dkt. No. 26 at 8.)

Plaintiff's attorneys represent that they spent 45.2 hours of attorney time on this

_____

[5]  The parties are in agreement regarding these cost-of-living adjusted rates.  (Compare Dkt. No. 23 at 8 with Dkt. No. 26 at 8.)

1  matter prior to drafting plaintiff's Reply brief.  (Dkt. No. 23 at 8; Aguilar Rogado Decl. at 4;

2  Smith Decl. at 3.)  Plaintiff's attorneys represent that it took them an additional 17.4 hours[6] to

3  draft plaintiff's Reply brief.  (Dkt. No. 27 at 10.)  In sum, plaintiff's attorneys claim to have spent

4  62.6 hours litigating this matter.  (Dkt. No. 23 at 8, Dkt. No. 27 at 10.)  Defendant contends that

5  the court should reduce the requested fees because some of the time billed may represent "double

6  billing" and some represent tasks, like service of documents, which may have been "clerical in

7  nature."  (Dkt. No. 26 at 9, 10, 12.)

8          After reviewing the record and the work undertaken by counsel, the court declines

9  to conduct a line-by-line analysis of counsel's billing entries.  See Sumner v. Astrue, No. CIV

10  S-06-2883 DAD, 2009 WL 782082,at *2-3 (E.D. Cal. March 23, 2009) (unpublished) (citing

11  Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Destefano v. Astrue, No.

12  05-CV-3534, 2008 WL 623197, *4 (E.D.N.Y. March 4, 2008)).  With the exception of billing a

13  total of 0.5 hours for clerical matters[7], the undersigned finds that plaintiff has demonstrated that

14  the remaining 62.1 hours incurred were reasonable.  Plaintiff has explained the fact-intensive

15  nature of this litigation and has described why his EAJA briefing was time-consuming.  (Dkt.

16

17          [6]  The undersigned will apply the adjusted $179.51 per-hour rate to these hours, as they
were incurred in 2011, for a compensable fee amount of $3,123.47.  See 28 U.S.C. §
2412(d)(2)(A)(ii); Thangaraja, 428 F.3d at 876-77.

18

19          [7]  Clerical tasks, even when performed by an attorney or paralegal, may not be billed to an
adversary.  Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).  Clerical tasks, like mailing and
calendaring, are not typically compensable under the EAJA.  See Logan-Laracuente, No.

20  1:07-cv-983-SMS, 2009 U.S. Dist. LEXIS 18009, at *7 (E.D. Cal. Feb. 27, 2009) (unpublished)
(citing Spegon and Jenkins for the proposition that faxing, mailing, calendaring, and filing are

21  not compensable under EAJA).  Here, while plaintiff filed an in-depth Reply that addressed many
of defendant's arguments, plaintiff failed to cite any authorities rebutting defendant's argument

22  that "clerical" fees are not compensable under EAJA.  A declaration by plaintiff's counsel
reveals 0.5 hours spent on "service" of documents.  Accordingly, the undersigned will reduce

23  plaintiff's compensable fees by 0.5 hours incurred for service in 2010 (at the hourly rate of
$175.06 as described above), a total reduction of $87.53.  (Aguilar Rogado Decl. at 2-3.)

24  Defendant also equates plaintiff's counsel's billing entry regarding her "review" of the court's
scheduling order with "calendaring" and argues that such a "clerical" task is not compensable.

25  (Dkt. No. 26 at 10; Aguilar Rogado Decl. at 2.)  Absent authority for defendant's proposition, the
undersigned declines to deem an attorney's review of an important court document as

26  "calendaring" or as merely "clerical."

8

1  Nos. 23 at 1-5; Dkt. No. 27 at 3-7 (among other things, describing EAJA research necessitated by

2  various arguments, including a 29-case string cite, in defendant's opposition brief).)  Further,

3  while "excessive, redundant, or otherwise unnecessary" hours should be excluded from a fee

4  award, Hensley, 461 U.S. at 434, defendant has not compellingly argued that plaintiff's attorneys

5  truly "double billed," engaged in unnecessary tasks, or incurred unnecessary extra hours.  (Dkt.

6  No. 26 at 10-11.)

7          Plaintiff spent a total of 32.5 hours litigating his entitlement to fees under the

8  EAJA, and plaintiff has described reasonable bases for these hours (such as, researching and

9  addressing each of the twenty-nine cases within a lengthy footnote in defendant's opposition brief

10  (Dkt. No. 27 at 3)).  Further, defendant has not compellingly shown that such hours warrant

11  reduction or fail to bear any rational relation to the number of hours spent litigating the merits of

12  this case.  See Spegon v. Catholic Bishop, 175 F.3d 544, 553-54 (7th Cir. 1999) (non-EAJA case)

13  (district court reduced award for time taken to prepare attorneys' fees motions, where the number

14  of hours requested was "overly exaggerated" and the fee request was "inaccurate," because the

15  hours expended on a fee request should "bear a rational relation to the number of hours spent

16  litigating the merits of the case").  Defendant has not shown plaintiff's requested hours to be

17  "overly exaggerated" or "inaccurate."  See id.  Likewise, defendant's citation to out-of-circuit

18  cases where courts have "reduced" hours incurred as part of a plaintiff's "fees litigation" is not

19  compelling.  Every case turns on different facts.  Despite defendant's contention that "[s]tandard

20  EAJA briefing generally requires no more than 4 hours" (Dkt. No. 26 at 11-12), defendant's

21  citation to district court cases — two of which are from outside the Ninth Circuit — do not

22  squarely support this proposition[8], and they certainly do not suggest a four-hour cap should apply

23

24          [8] Defendant cites Patterson v. Apfel, 99 F. Supp. 2d 1212 n.2 (C.D. Cal. 2000), Spruil v.
    Bowen, 691 F. Supp. 302, 307 (M.D. Fla. 1988), and Queen Square v. Halter, 168 F. Supp. 2d
25  1318, 1321 (S.D. Ala. 2001). (Dkt. No. 26 at 11-12).  In Patterson, the court awarded plaintiff's
    requested 3.5 hours of fees arising from the EAJA briefing and did *not* address whether
26  "[s]tandard EAJA briefing generally requires no more than four hours."  Patterson, 99 F. Supp.

to the EAJA fees briefing in this particular case.

Having carefully reviewed the pending motion and omitting plaintiff's "clerical" fees, the court finds that plaintiff reasonably spent 62.1 hours of attorney time in litigating the merits of this matter and in litigating plaintiff's fees request.  Plaintiff is awarded attorney's fees in the total amount of $11,017.12.[9]  While the credibility issues presented in this litigation were ultimately straightforward, the court appreciates that social security cases are often fact-intensive and is aware of the successful result obtained by counsel.

////

////

////

////

////

////

////

////

////

---

2d at 1214-15.  In <u>Spruil</u>, the court noted that plaintiff spent approximately 30% of her total litigation time on the fees request, reduced that time by the hours incurred in drafting plaintiff's reply (as the court's local rules discouraged replies), and then drew from the "Court's experience" that a fees application typically "requires no more than 3 to 4 hours."  <u>Spruil</u>, 691 F. Supp. at 307.  However, the court in <u>Spruil</u> also noted that "the Court does not foreclose the possibility that an EAJA fee award application could take more time" depending on "the circumstances of the case."  <u>Id.</u>  In <u>Queen Square</u>, the court reduced the time plaintiff ascribed to filing an EAJA petition from 2.5 hours to 1.0 hours, but the court did not discuss any motivating factors for the reduction aside from deeming the time "excessive."  <u>Queen Square</u>, 168 F. Supp. 2d at 1321.  Accordingly, none of defendant's cited cases compel the undersigned to place a four-hour cap upon the hours plaintiff incurred in drafting his EAJA briefing.

[9]  Applying EAJA's hourly cap, plus cost-of-living increases, to plaintiff's hourly fees arising from 45.2 hours incurred in 2009, 2010, and 2011, plaintiff's compensable attorneys' fees total $7,981.18 prior to plaintiff's filing his Reply.  Applying the 2011 cost-of-living increase to the 17.4 hours reasonably incurred in filing his Reply, plaintiff's compensable attorneys fees would total $11,104.65.  Reducing plaintiff's compensable fees by $87.53 for 0.5 hours of non-compensable clerical fees, however, plaintiff's total reasonable fees are $11,017.12.

V.      CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's Motion For An Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act (Dkt. No. 22) is granted in part and denied in part.  Plaintiff's motion is granted insofar as plaintiff is awarded reasonable attorneys' fees as a prevailing party pursuant to the EAJA.  Plaintiff's motion is denied insofar as plaintiff is awarded fees subject to EAJA's hourly rate maximum, as adjusted for cost-of-living, rather than fees at the "full market rate" as plaintiff requested.

2.      Plaintiff is awarded attorneys' fees under the EAJA for 62.1 hours reasonably spent, in the total amount of $11,017.12.

DATED:  September 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11